IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus A. Blair, #329604, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:12-228-SB |
| v. ) | |
| ) | **ORDER** |
| South Carolina Dept. of Correction; ) | |
| Gregory T. Knowlin; and Doctor Drago, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. By local rule, the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 14, 2012, the Magistrate Judge issued a report and recommendation ("R&R") analyzing the complaint and recommending that the Court dismiss Defendant Medical Staff as a party to this case because "Medical Staff" is not a "person" amenable to suit under section 1983. When the Plaintiff failed to file objections, the Court adopted the R&R in an order filed on March 14, 2012.

On June 1, 2012, Defendant South Carolina Department of Correction ("SCDC") filed a motion to dismiss. The Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the dismissal and summary judgment procedures and informing the Plaintiff of the need to respond to the Defendant's motion. The Plaintiff did not respond. Then, on August 30, 2012, all of the Defendants filed a motion for summary judgment. The Magistrate Judge issued another Roseboro order advising the Plaintiff of the summary judgment procedure and instructing

the Plaintiff to respond to the Defendants' motion.

When the Plaintiff failed to respond to the Defendants' motion for summary judgment, the Magistrate Judge issued another order on October 12, 2012, instructing the Plaintiff to inform the Court within fifteen days of whether he wishes to continue with the case. On October 30, 2012, the Plaintiff filed a response objecting to the Defendants' motion for summary judgment.

On November 5, 2012, the Magistrate Judge issued an R&R evaluating the Defendants' motion to dismiss and the motion for summary judgment, and concluding that: (1) the Plaintiff's claims should be dismissed because he failed to exhaust his available administrative remedies; (2) even if the Plaintiff did exhaust his administrative remedies, he failed to show that the Defendants were deliberately indifferent to any of his serious medical needs or that any delay in treatment created a substantial risk of harm to him; (3) Heck v. Humphrey, 512 U.S. 477 (1994), bars any claims related to certain disciplinary proceedings; (4) the Plaintiff's negligence claims fail under section 1983; (5) the doctrine of respondeat superior does not apply; (6) the Defendants are entitled to Eleventh Amendment immunity in their official capacities; and (7) the Defendants are entitled to qualified immunity in their individual capacities. Accordingly, the Magistrate Judge recommended that the Court grant the Defendants' motion to dismiss and motion for summary judgment. Attached to the R&R was a notice advising the Plaintiff of his right to file specific, written objections to the R&R within fourteen days of the date of service of the R&R. The Plaintiff filed objections on November 27, 2012.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, the Plaintiff merely recites the standard of review for a motion to dismiss and rehashes certain factual allegations. Importantly, however, the Plaintiff does not raise any specific objections to the R&R, and he does not point to any legal error in the R&R. Therefore, after reviewing the Plaintiff's objections and considering the record, the applicable law, and the R&R, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates by reference the R&R into this order. Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 43) is adopted and incorporated herein; the Plaintiff's objections (Entry 45) are overruled; Defendant SCDC's motion to dismiss (Entry 21) is granted; and the Defendants' motion for summary judgment (Entry 36) is granted.

**AND IT IS SO ORDERED.**

_____
Sol Blatt, Jr.
Senior United States District Judge

December 17, 2012
Charleston, South Carolina